UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WALTER RHODAS GEORGETOWN** | : | **CIVIL ACTION NO. 2:16-cv-308** |
| **D.O.C. #127548** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **KEITH COOLEY ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Walter Rhodas Georgetown ("Georgetown"). Georgetown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Georgetown was directed to amend his complaint with response due by July 22, 2016. Doc. 9. The document was mailed to him at the last address supplied at Allen Correctional Center ("ALC") in Kinder, Louisiana. On July 5, 2016, the court received documentation returning the memorandum order. Doc. 10. The return noted that the sender had moved from ALC.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388–90. (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Additionally, Local Rule (LR) 41.3W provides in part, "The failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since this court's correspondence to Georgetown was returned.

To date, Georgetown has not complied with the amend order nor has he had any further correspondence with this court.

Therefore,

**IT IS RECOMMENDED** that Georgetown's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b) and LR 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 8th day of November, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE